**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

WORLD EMBLEM INTERNATIONAL INC.,

Plaintiff/Counter-Defendant,

v.

THERMA SEAL, INC.,

Defendant/Counter-Plaintiff.

Case No. 3:21-cv-11033

Honorable Robert H. Cleland

Magistrate Judge Elizabeth A. Stafford

---

**STIPULATED PROTECTIVE ORDER**

This matter has come before this Court upon stipulation of the parties. The parties believe that good cause exists for the entry of this Protective Order.

ACCORDINGLY, IT IS HEREBY ORDERED that the following shall control the handling of confidential information in this action:

1. Any party or non-party may designate information or documents and things produced, used, or disclosed in this action as "CONFIDENTIAL" and thereby render them subject to the protections and requirements of this Order. Only information or documents and things that a party in good faith believes contain or refer to information that is not generally available to or accessible by the general public may be designated as "CONFIDENTIAL."

2. In the case of a document or thing, a designation of "CONFIDENTIAL" shall be accomplished by conspicuously marking the document or thing with the word "CONFIDENTIAL".

3. Testimony in a discovery deposition can be made subject to this Order by designating it as "CONFIDENTIAL" orally on the record at the time of the testimony or in writing after receipt by the parties of the transcript. When information that could support a designation of "CONFIDENTIAL" is communicated in a discovery deposition, any party shall be permitted to exclude from attendance at the discovery deposition any person not a party who is not entitled to receive such information. Counsel for the parties may agree on the record that the entire deposition transcript, and the information contained therein, is to be treated as "CONFIDENTIAL" for a period of thirty (30) days after the attorney receives a copy of the discovery deposition transcript during which time the parties may designate, in writing, portions of the transcript, and/or any previously undesignated exhibits or attachments to the transcript, as "CONFIDENTIAL." There shall be no restrictions on confidentiality of information not designated within the prescribed time period.

4. Subject to Paragraphs 2-3, no receiving party shall be under any obligation of confidentiality until a designation is made. The failure to designate information as "CONFIDENTIAL" or the failure to object to such a designation shall not preclude a party from later designating, or objecting to designation of, such

information as "CONFIDENTIAL." Such a failure to designate information as "CONFIDENTIAL" shall be remedied by providing written notice to the receiving party. Any disclosures made before such late designation shall not be considered a violation of this Order. However, reasonable efforts shall be made by the receiving party after the late designation to recover any documents or things containing the information. Moreover, after late designation, the parties shall treat the subject matter as if timely designated.

In addition, no receiving party shall be obligated to object to any designation of confidentiality within any specific time period. No party shall, by failure to object, be deemed to have acquiesced or agreed to such designation or be barred from later objecting to such designation. If any party elects to challenge the designation of confidentiality, that party shall notify the producing party of its challenge in writing. The producing party may either voluntarily remove the confidential designation or inform the challenging party that it will not do so, and then the challenging party may move the Court to remove the protection established by this Order for the challenged materials. All such documents and information shall retain their confidential status until full and final resolution of the matter by the parties or by the Court.

5. Other than by the producing party, any information or document designated as CONFIDENTIAL" shall be used solely in connection with this action

(except as set forth in ¶7) and shall not be disclosed to anyone other than:

a. the Court and the court personnel in this action, including court reporters, while in the performance of their official duties;

b. the parties to this action and their insurers and reinsurers, including any person or entity who becomes a party subsequent to the execution of this Order, provided that, (1) such disclosure is needed to assist in the prosecution or defense of this action; and (2) such information is maintained in separate and identifiable files, access to which is restricted to the foregoing persons;

c. Court Reporters required to transcribe designated testimony, or employees of an independent photocopying, microfilming, or similar services utilized by such counsel of record, to whom such disclosure is reasonably deemed necessary by such counsel for the conduct of this litigation (collectively "Counsel");

d. counsel for the parties and their employees to whom it is necessary that the documents or information be shown for purposes of this litigation;

e. testifying experts, consulting experts, accountants, investigators, appraisers, and advisors of the parties to this action who are (i)

independent of and not currently an employee of a direct competitor of either party in the fields to which the subject matter of this action pertains; and (ii) retained for purposes of this action;

f. a Party or non-party witness and counsel for such witness in the course of his or her testimony in a deposition or trial conducted in this action to the extent deemed necessary by Counsel for a named Party in order to examine such witness;

g. the author(s), recipient(s), addressee(s), and person(s) copied with respect to the particular Confidential Information, and their Counsel;

h. any mediator agreed upon by the Parties, and such mediator's employees and staff;

i. any signatory to the attached as Schedule A as referenced in paragraph 5.

j. other persons agreed to by the parties in a signed writing; and

k. pursuant to court order in this or any other court action compelling production of said documents; and

l. pursuant to subpoena or court order in this or any other court action compelling production of said documents.

6. Prior to the disclosure of any documents or information designated as "CONFIDENTIAL" to any person authorized to inspect such information under ¶5, excepting the Court and the court personnel in this action, including court reporters while in the performance of their official duties, such person shall read this Order and execute an "Agreement to be Bound by Order Regarding Confidentiality" in the form of Schedule A attached to this Order. The attorneys of record for each of the parties shall retain all of the original, executed Agreements.

7. No party may disclose to any person or entity who becomes a party to this action subsequent to the execution of this Order any documents designated "CONFIDENTIAL" other than those documents so designated by the producing party, absent one of the following: (1) a written agreement by the parties; (2) by court order; or (3) agreement by the added party to be bound by the terms of this protective order.

8. Prior to disclosure of any documents or information designated as "CONFIDENTIAL" pursuant to a subpoena issued by a third party, the subpoenaed party is required to timely notify the party who produced and designated the information/documents as "CONFIDENTIAL." It is the obligation of the party who produced and designated the information/documents as "CONFIDENTIAL" to object to the subpoena if an objection is to be made. The subpoenaed party is to advise the entity issuing the subpoena that some or all of the documents are subject

to a protective order and that any information/documents designated as "CONFIDENTIAL" will not be produced without the occurrence of one of the following: (1) the expiration of a thirty (30) day time period allowing the party who produced and designated the information/documents as "CONFIDENTIAL" time to object to the subpoena; (2) the issuance of an order by a court or administrative tribunal compelling production of the subpoenaed documents.

9. No person entitled access to any protected documents or information shall discuss the contents with any other individual, except those individuals who are also permitted to view, inspect, or examine the materials protected herein.

10. This Order does not authorize or permit the filing of any documents under seal. The party seeking to file any paper under seal must file and serve a motion under FRCP 5.3 and LR 26.4. The movant may not file or otherwise tender to the Clerk any item proposed for sealing unless the Court enters a protective order authorizing sealing.

11. Unless otherwise permitted, within one (1) year after the final disposition of this action, or any related action in which the documents that fall under the scope of this Protective Order, including all appeals, all documents and things designated as "CONFIDENTIAL," all copies of documents and things designated as "CONFIDENTIAL," and all excerpts therefrom in the possession, custody, or control of parties other than the producing party shall be destroyed or returned to

counsel for the producing party. On request, a letter certifying such return or destruction shall be delivered by the receiving to the producing party. Counsel for parties other than the producing party may retain one copy of each document and thing, work product, and transcript embodying documents, things, or information designated as "CONFIDENTIAL" under seal for archival purposes. All persons who have been privy to protected information shall, even after conclusion of the litigation, be under a continuing duty not to reveal such information for so long as such information is not otherwise available to the public.

12. The parties may stipulate, or any party may apply to the Court for a modification to this Order.

13. Notwithstanding anything in this Order to the contrary, the confidentiality obligations of this Order shall not prohibit the use by any party of any information, documents, or things (for which no other obligation of confidentiality exists) that are currently in a party's or individual's possession, custody, or control, that later come into the possession of a party to this action from others lawfully in possession of such information, documents, or things who are not parties to this action or bound by this or a comparable Order or obligation, that are in the public domain, or that are required to be disclosed by any law, regulation, order, or rule of any governmental authority.

14. Inadvertent production of documents subject to work product immunity or the attorney-client privilege shall not constitute a waiver of the immunity or privilege. However, the producing party must notify the receiving party in writing of such inadvertent production within ten (10) days of first becoming aware of the inadvertent production of such documents to the receiving party. Such inadvertently produced documents, and all copies thereof, shall be returned to the producing party upon request. No use may be made of such documents subsequent to the request to return them. Nothing in this Order shall prevent the receiving party from requesting that the Court order the production of any such inadvertently produced documents. Nothing in this Order prevents either party from petitioning the Court for return of later discovered, inadvertently produced documents that are subject to work product immunity or attorney-client privilege following expiration of the ten (10) day period.

15. This Order does not purport to govern the handling of confidential discovery material introduced at trial or in any hearing in this matter. Protection of confidential discovery material in such proceedings is left to the further agreement of the parties and order of the Court.

16. In the event additional persons become parties to this litigation, they shall not have access to confidential information produced by or obtained from any other party to this litigation until the newly-joined party by its counsel and existing parties to this litigation have executed and filed with the Court this Order.

17. The provisions of this Order shall survive and remain in full force and effect after the entry of final judgment (including any appellate proceedings) in this case, whether by settlement or litigation unless otherwise ordered by this Court.

18. The production of documents subject to this protective order does not constitute an admission or agreement that any document or information is admissible as evidence in this case.

19. The parties agree to abide by and be bound by the terms of this Stipulation upon signature by their attorneys.

SO ORDERED.

Date: December 3, 2021

s/Robert H. Cleland
Hon. Robert H. Cleland
United States District Judge

Stipulated and agreed to by:

**H. Joel Newman, PLLC**

/s/ H. Joel Newman
H. Joel Newman (P38459)
*Attorneys for World Emblem*
370 E. Maple
Birmingham, MI 48009
(248) 723-1238
hjn@hjoelnewman.com

**DYKEMA GOSSETT PLLC**

/s/ Nasseem S. Ramin
Thomas M. Schehr (P54391)
Nasseem S. Ramin (P73513)
*Attorneys for Thermaseal*
400 Renaissance Center
Detroit, MI 48243
(313) 568-5326
tschehr@dykema.com
nramin@dykema.com

**SCHEDULE A**

**AGREEMENT TO BE BOUND BY ORDER REGARDING CONFIDENTIALITY**

The undersigned hereby acknowledges that he/she has read the Protective Order issued by the United States District Court-Eastern District of Michigan, Southern Division, Civil Action No: 2:20-cv-12598-SFC-APP (*H&N Realty, Inc. v. The Travelers Indemnity Company of America, et. al.*) on ____________, 20___, and that he/she understands the terms of the Order and agrees to be bound by it.

Date:____________________

____________________________________
Signature

____________________________________
Title

____________________________________
Printed Name